| | |
|---|---|
| **WESLEY IRA PURKEY,**<br><br>   Petitioner,<br><br>   v.<br><br>**WARDEN OF USP TERRE HAUTE, UNITED STATES OF AMERICA,**<br><br>   Respondents. | CIVIL ACTION<br><br>APPEAL NO. :20-2280<br><br>DEATH PENALTY CASE<br>EXECUTION SCHEDULED FOR July 16, 2019<br>4:30 a.m. EST<br><br>**STAY PENDING APPEAL** |

## PETITIONER'S MOTION FOR STAY OF THE JULY 16, 2020 EXECUTION WHILE PENDING APPEAL

Pursuant to Appellate Rule of Procedure 8(a)(1) Petitioner Wes Purkey moves for an emergency stay pending appeal of the District Court's order denying the stay.

### STANDARD OF REVIEW

This court must consider four factors in evaluating whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder,* 556 U.S. 418, 426 (2009); *Purkey v. United States*, 2020 WL 3603779, at *11 (7th Cir. 2020) (quoting *Nken*). "The grant of a stay entails equitable as well as legal considerations." *Lee v. Watson*, 2019 WL 6718924, at *2 (7th Cir. 2019); *see also*, *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

**ARGUMENT**

Petitioner is likely to prevail on his claim on the merit on appeal. As a threshold matter, the District Court applied the wrong standard by denying a motion for a preliminary injunction, when Petitioner sought a stay. The Court then made two egregious legal errors: (1) he found it was an abuse of the writ to file an action previously permitted and found appropriate by mutlipe courts, see string cite, and (2) he held an incompetent person may be executed for the errors of counsel. This Court is likely to reverse on appeal.

In the past 24 hours, eight of thirteen federal judges have ruled that Mr. Purkey properly filed a civil rights action to litigate his competency claim under *Ford v. Wainwright*, 477 U.S. 399 (1985). The district court judge in that matter made a factual finding that Mr. Purkey had acted diligently in this matter, and no court found otherwise. All eight judges further determined that Mr. Purkey had made a threshold showing on incompetency sufficient to warrant a hearing under *Panetti v. Quarterman*, 551 U.S. 930, 960 (2007). Those judges also ruled that he had a likelihood of success on that claim, and Justice Sotomayor noted that Mr. Purkey had filed "thousands of pages of evidence to support his incompetence."

Five justices of the Supreme Court apparently disagreed, vacating the lower court decisions without comment. When Mr. Purkey by filing a habeas corpus petition containing his *Ford* claim in the district court in Indiana under 28 U.S.C. 2241 and a motion to stay his execution, the district court determined that, as a matter of law, the Supreme Court's decision meant that Mr. Purkey had abused the writ by filing the initial civil rights action and thus no merits review of his substantial *Ford* claim could ever occur. The district court thus denied any "preliminary injunction," which presumably meant that he denied Mr. Purkey's request for a stay.

84696074_1

There is serious doubt about whether the district court's decision, finding abuse of the writ was correct. As Mr. Purkey demonstrated in briefing earlier today, both the language of the Supreme Court's decision in *Ford* and a number of other cases around the country suggest that a civil rights action was an appropriate vehicle in which to litigate a *Ford* claim. Under *Ford*, when a plaintiff claims incompetence, 'the only question raised is not whether, but when, his execution may take place.' This temporal question is distinct from 'the antecedent question whether petitioner should be executed at all.'" *Ford*, 477 U.S. at 425 (internal citations omitted)); *see also Stanley v. Davis*, No. 07-cv-4727, 2015 WL 435077, at *4 n.4, *5 (N.D. Cal. Feb. 2, 2015) (it is "difficult to discern a meaningful difference between a *Ford* challenge and a methods challenge. . . .[which] may be brought under section 1983."); *Ward v. Hutchinson*, 558 S.W.3d 856 (Ark. 2018) (a state prisoner sought declaratory and injunctive relief in a civil rights action under 42 U.S.C. § 1983 challenging, in part, his competency to be executed); *Hubbard v. Campbell*, 379 F.3d 1245, 1247–48 (11th Cir. 2004) (Barkett, J., dissenting) (a civil rights action is an appropriate vehicle to raise a *Ford* claim because it does not challenge the fact or validity of the sentence, only the constitutionality of the execution at a specific temporal point of incompetency, an issue not reached by the majority).

The Attorney General, which has the ability to create procedures for litigating *Ford* claims, has not specified that such a claim must be litigated in habeas corpus. This Court should grant a stay to allow Mr. Purkey to litigate this issue on appeal, as there is serious doubt about whether the district court's opinion is correct.

Plaintiffs will be irreparably injured absent a stay. Petitioner unquestionably faces irreparable injury, the loss of his life. The inconvenience to the Government is outweighed the serious harm of executing an incompetent person contrary to the constitution. "[T]hat the

government has not—until now—sought to" schedule Mr. Purkey's execution "undermines any urgency surrounding" its need to do so on July 15, 2020. *Osorio-Martinez v. Att'y Gen. of the U.S.*, 893 F.3d 153, 179 (3d Cir. 2018).

WHEREFORE, Petitioner, and through undersigned counsel, respectfully requests that this Court grant the motion for a stay of execution pending appeal.

Rebecca E. Woodman
Attorney at Law, L.C.
1263 W. 72nd Ter.
Kansas City, Missouri 64114
(785) 979-3672
Email:  rewlaw@outlook.com

By s/Rebecca E. Woodman
Counsel for Petitioner

Dated:  July 16, 2020

84696074_1